**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 96-2303**

———————

KRISH PURSWANI,

Plaintiff - Appellant,

versus

FORTUNE PERSONNEL CONSULTANTS OF COLUMBIA,
INCORPORATED; COLLIER HEALTH SERVICES, INCOR-
PORATED; FRANCIS BARRY,

Defendants - Appellees,

and

JOHN YANES,

Defendant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (CA-95-85-3-17BD)

———————

Submitted:  November 21, 1996      Decided:  December 3, 1996

———————

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Krish Purswani, Appellant Pro Se.  Tracy Lynn Eggleston, Allan Levin, John L. Choate, COZEN & O'CONNOR, Columbia, South Carolina; Weldon R. Johnson, BARNES, ALFORD, STORK & JOHNSON, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant appeals the district court's order denying relief on his civil complaint. Appellant asserted claims of fraud, misrepresentation, breach of contract, and job discrimination based on his race. The district court granted summary judgment on all claims and as to all Defendants except for Appellant's breach of contract claim against Defendant Collier Health Services, Inc. Because the only surviving claim was based on state law and Appellant's claim of damages failed to satisfy the jurisdictional amount, the district court remanded this claim to state court for disposition. We have reviewed the record and the district court's opinion accepting the magistrate judge's recommendation and find no reversible error. Accordingly, we affirm on the reasoning of the district court. Purswani v. Fortune Personnel Consultants of Columbia, No. CA-95-85-3-17BD (D.S.C. Aug. 16, 1996). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3